UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELANA TELES GINZ | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 07-5403 |
| | * | |
| MICHAEL L. HELWICK | * | SECTION "L"(5) |

### ORDER & REASONS

Before the Court is Defendant Michael L. Helwick's Motion to Dismiss for Failure to State a Claim (Rec. Doc. No. 3). For the following reasons, the motion is DENIED.

I.     BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiff's property located at 5531, 5533, 5535 and 5537 Willow Street in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendant in this case is Michael L. Helwick, who was the Plaintiff's insurance agent.

Plaintiff filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana on October 6, 2006, seeking damages from the Defendant for his alleged negligence in failing to advise the Plaintiff and her deceased mother of the fact that their insurance policy did not cover damages caused by flooding and for failing to conduct periodic reviews of the insurance coverage and to make appropriate recommendations to ensure that the properties were appropriately covered. The Defendant removed the matter to this Court on September 5, 2007 arguing that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

On December 15, 2007, the Defendant filed the instant motion to dismiss for failure to state a claim. The Defendant argues that under Louisiana law, there is no duty for insurance

agents to procure or obtain additional insurance in the absence of an agreement between the insured and agent, and that the Plaintiff has failed to allege that she advised the Defendant of the need for flood insurance and that he failed to procure it.  Rather, as the Defendant argues, the Plaintiff merely argues that she relied on the Defendant to independently and spontaneously determine the need for coverage.

The Plaintiff opposes the motion and argues that she and her deceased mother relied on the Defendant for advise and counsel regarding their insurance needs and "his understanding of the limitations of [the Plaintiff] and her mother, should have placed him on notice that they were effectively requesting that he provide their property with all insurance coverage, including flood insurance , that he in his professional experience believed was appropriately necessary." The Plaintiff further argued that the Defendant breached his duty to disclose the flood exclusion and inform the Plaintiff of the availability of flood coverage through a different policy.

## II.    LAW & ANALYSIS

"The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The Court must construe the complaint liberally in favor of the plaintiff, "and all facts pleaded in the complaint must be taken as true." *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).  Rule 12(b)(6) motions are viewed with disfavor and are rarely granted.  *See Leleux v. United States*,

178 F.3d 750, 754 (5th Cir. 1999).

Insurance agents, under Louisiana law, "have a duty to supply their customers with correct information, and they may be liable for negligent misrepresentation when they provide incorrect information and the insured is thereby damaged." *Montalbano v. Century Sur. Co.*, 2008 WL 45526, *1 (E.D. La. Jan. 2, 2008). Plaintiffs may also recover against their insurance agent for the agents failure to procure requested insurance coverage. *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973). In order to prevail on such a claim, the plaintiff must prove (1) an undertaking or agreement by the insurance agent to procure insurance, (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain insurance, and (3) action by the agent warranting the client's assumption that the client was properly insured. *Offshore Prod. Contrs., Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229-30 (5th Cir. 1990).

The post-*Karam* cases have appeared to develop two common threads where an insured states a claim against his agent. First, where the agent has negligently failed to procure the coverage requested by the insured; second, where the agent owes a duty to the insured to affirmatively inform the client of certain information. *See, Parker v. Lexington Ins. Co.*, 2006 WL 3328041, *3 (E.D. La. Nov. 15, 2006). Plaintiff argues that although neither the Plaintiff nor her mother specifically requested that the Defendant obtain flood insurance, it "would be absurd to expect an old woman in declining health" and "equally absurd to expect a resident of a foreign country, far removed from the realities of [the] National Flood Insurance Program" to request flood insurance coverage. It appears that the Plaintiff's main argument is that the Defendant failed to inform the Plaintiff and her mother of certain information, specifically the fact the insurance policy covering the properties excluded flood damage and that separate flood

insurance was available.  At this early stage of the litigation, and assuming that the Plaintiff's allegations are true, the Court concludes that the Plaintiff has plead enough facts to state a claim to relief that is plausible on its face.

### III.        CONCLUSION

Accordingly, the Defendant Michael L. Helwick's Motion to Dismiss for Failure to State a Claim is DENIED.

New Orleans, Louisiana this 14th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE